IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOSEPH B. JUDKINS<br>Baker & McKenzie LLP<br>815 Connecticut Avenue, N.W.<br>Washington, D.C. 20006<br><br>     Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue, N.W.<br>Washington, D.C. 20224,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff, Joseph B. Judkins, brings this action against Defendant, the Internal Revenue Service ("IRS"), to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

### PARTIES

4. Plaintiff is an attorney with Baker & McKenzie LLP, admitted to practice in the District of Columbia (D.C. Bar No. 499737). His office is located at 815 Connecticut Avenue, N.W., Washington, D.C. 20006.

5. Defendant is an executive agency of the United States government and is headquartered at 1111 Constitution Avenue, N.W., Washington, D.C. 20224. Defendant is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is subject to the requirements of the FOIA. Defendant has possession and control over the records that Plaintiff seeks under the FOIA.

6. Because Defendant is an agency of the United States of America, copies of the summons and complaint must also be mailed to the United States of America: c/o The Honorable William P. Barr, Attorney General of the United States of America, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530; and United States Attorney for the District of Columbia, 555 Fourth Street, N.W., Washington, D.C. 20530.

## STATUTORY FRAMEWORK

7. The FOIA requires federal government agencies to release requested agency records to the public unless one or more specific statutory exemptions apply. 5 U.S.C. § 552(a)(3)(A).

8. Records are agency records subject to the FOIA if the agency created or obtained them and the agency controlled them at the time the FOIA request is made. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

9. An agency has twenty (20) working days after receipt of a FOIA request in which to determine whether to comply with the request. The agency must then immediately notify the requester of its determination and reasons therefore and of the right of the requester to appeal an adverse determination to the agency's head. 5 U.S.C. § 552(a)(6)(A)(i).

10. In "unusual circumstances," the twenty (20) working day time limit "may be extended by [a] written notice" that sets forth the date a determination is expected to be sent.

5 U.S.C. § 552(a)(6)(B)(i). Generally, such notice may not provide for an extension of more than ten (10) working days. *Id.*

11. The agency must notify the requester if the request cannot be processed within such extended period of time and must provide the requester (i) the opportunity to limit the scope of the request so it can be processed within such time or (ii) the opportunity "to arrange with the agency an alternate time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii).

12. If the agency fails to comply with the time limit provisions, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

13. If the agency can show "exceptional circumstances" and "that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records." 5 U.S.C. § 552(a)(6)(C)(i). A refusal to modify the request or arrange an alternate time frame is a consideration in determining whether "exceptional circumstances" exist. 5 U.S.C. § 552(a)(6)(B)(ii).

14. This Court has jurisdiction upon receipt of a complaint "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## PLAINTIFF'S FOIA REQUESTS

15. Plaintiff is seeking the production of documents and records improperly withheld by Defendant in response to the properly made FOIA request dated June 24, 2020 ("FOIA Request"), (Exhibit ("Ex.") A to the Declaration of Joseph B. Judkins, dated August 25, 2020 ("Judkins Declaration"), attached hereto as Attachment A).

16. In the FOIA Request, Plaintiff specifically requested:

> 1. All documents maintained by the IRS related to the proposed regulations under I.R.C. § 965, published in the Federal Register at 83 Fed. Reg. 39514 (August 9, 2018), including but not limited to, pre-publication documents, notices pertaining to the proposed rulemaking, public comments and other documents submitted to the agency related to the proposed rulemaking, hearing transcripts and recordings, if any, of oral presentations made in the course of the proposed rulemaking, reports and recommendations of any advisory committees, IRS communications (internal or otherwise), similar instruments, and any other documents considered by the IRS during the course of the proposed rulemaking.
>
> 2. All documents maintained by the IRS related to the final regulations under I.R.C. § 965, contained in Treasury Decision 9846 that were originally published in the Federal Register at 84 Fed. Reg. 1838 (February 5, 2019), including, but not limited to, pre-publication documents, notices pertaining to the rulemaking, public comments and other documents submitted to the agency related to the rulemaking, hearing transcripts and recordings, if any, of oral presentations made in the course of the rulemaking, reports and recommendations of any advisory committees, IRS communications (internal or otherwise), similar instruments, and any other documents considered by the IRS during the course of the rulemaking.
>
> 3. All documents maintained by the IRS related the public hearing on the proposed regulations under I.R.C. § 965 that was held on October 22, 2018, notice of which was published in the Federal Register at 83 Fed. Reg. 51906 (October 15, 2018), including but not limited to, pre-publication documents, comments received from the public, outlines of proposed oral comments, agendas, and hearing transcripts.

17. On June 26, 2020, Plaintiff mailed a check for $5,425 to the IRS in payment of

fees relating to the FOIA Request ("Payment Check") (Judkins Declaration, Ex. B).

18. On July 8, 2020, Lauri Takeguchi, IRS Tax Law Specialist, responded through email confirming that the FOIA Request had been received by the IRS on June 25, 2020 ("IRS Response") (Judkins Declaration, Ex. C). The IRS Response further noted the receipt of the Payment Check and requested a copy of the Payment Check for internal records.

19. On July 10, 2020, Lauri Takeguchi emailed Plaintiff to report a delay in processing the FOIA Request (Judkins Declaration, Ex. D).

20. On July 20, 2020, Plaintiff submitted to Lauri Takeguchi a copy of the Payment Check (Judkins Declaration, Ex. E). On July 21, 2020, Lauri Takeguchi confirmed receipt of the copy of the Payment Check (Judkins Declaration, Ex. F).

21. On July 23, 2020, Plaintiff received a reply from David Nimmo, IRS Disclosure Manager, in response to the FOIA request ("IRS Second Response") (Judkins Declaration, Ex. G). The IRS Second Response stated that the IRS is unable to provide the requested information by July 24, 2020. It requested a 10-day extension and noted that the statutory response date is extended to August 7, 2020. *Id.* The IRS Second Response provided October 30, 2020, as the expected completion date for the FOIA Request. *Id.*

22. The IRS Second Response noted that Plaintiff does not have the right to an administrative appeal, but may file suit for judicial review after August 7, 2020, in the U.S. District Court. *Id.*

23. As of the date of this Complaint, Defendant has not disclosed any of the documents and records listed in the FOIA Request.

24. Because Defendant failed to comply with the FOIA time limit provisions to provide documents and records to Plaintiff in response to the FOIA Request, Plaintiff has

exhausted his administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i).

25. Plaintiff is entitled to reasonable attorneys' fees and costs of maintaining this action pursuant to 5 U.S.C. § 552(a)(4)(E).

## CAUSE OF ACTION
### (Production Under the FOIA)

26. Plaintiff reasserts and incorporates by reference paragraphs 1-25.

27. Plaintiff properly requested records within Defendant's control and possession in accordance with the FOIA.

28. Plaintiff is entitled under the FOIA to access the requested records.

29. Defendant has failed to comply with statutory deadlines imposed by the FOIA.

30. Defendant wrongfully withheld the requested records in violation of the FOIA.

31. Plaintiff exhausted his administrative remedies with regard to the wrongfully withheld records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

    a.    declare that Defendant's failure to disclose the records requested by Plaintiff is unlawful;

    b.    enjoin Defendant from withholding and order Defendant to disclose the requested records to Plaintiff, in accordance with 5 U.S.C. § 552(a)(4)(B);

    c.    award Plaintiff his costs and reasonable attorney fees, in accordance with 5 U.S.C. § 552(a)(4)(E); and

    d.    grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ George M. Clarke III
George M. Clarke III
(D.C. Bar No. 480073)
Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, D.C. 20006-4078
Phone: (202) 835-6184
Fax: (202) 416-7184

Dated: August 25, 2020